IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

**STUART N. BROTMAN,**

**Plaintiff,**

**V.**

**THE UNIVERSITY OF TENNESSEE, THE UNIVERSITY OF TENNESSEE FOUNDATION, INC., JOSEPH MAZER, and COURTNEY CHILDERS,**

**Defendants.**

**No. 3:24CV472**
**Judge Crytzer/Poplin**

**DEFENDANTS, THE UNIVERSITY OF TENNESSEE, JOSEPH MAZER, AND COURTNEY CHILDERS', MOTION FOR STAY OF 26(F) REPORT AND DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Come now Defendants, the University of Tennessee (the "University"), Joseph Mazer ("Dean Mazer"), and Courtney Childers ("Dr. Childers") (collectively "Moving Defendants"), pursuant to Rule 1 and Rule 26 of the Federal Rules of Civil Procedure and the Court's inherent authority to manage its docket, and respectfully request that this Court stay the deadline by which they must produce a report pursuant to Federal Rule of Civil Procedure 26(f)[1], stay discovery, and stay disclosures in this case until the Court issues its ruling upon the Motion to Dismiss [Doc. 15] filed April 2, 2025.[2] As grounds, the Moving Defendants would show this Court as follows:

[1]This Court ordered that the parties confer and file a discovery plan in accordance with Rule 26(f)(3) by April 17, 2025. [Doc. 17].
[2]Prior to filing this Motion, undersigned counsel consulted with counsel for the parties and understands that co-Defendant University of Tennessee Foundation, Inc. does not object to the request for a stay; however, Plaintiff does oppose this request.

Plaintiff Stuart Brotman ("Plaintiff") filed his initial Complaint [Doc. 1] on November 25, 2025. Plaintiff filed his Amended Complaint [Doc. 7] on February 7, 2025. The Moving Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on April 2, 2025, arguing (among other things) that this Court lacks subject matter jurisdiction over some of Plaintiff's claims and that the remainder of Plaintiff's claims fail to state a claim upon which this Court can grant his requested relief based on the Eleventh Amendment, the facts as alleged, and their untimeliness. [Docs. 15, 16].

The Court has authority and discretion to stay discovery pending a ruling on the Motion to Dismiss. *See* Fed. R. Civ. P. 1 (stating the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action"); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). Courts routinely exercise that authority to stay discovery when, as here, a motion to dismiss that raises "threshold immunity question[s]" is pending. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[3]

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *See Sentell v. Tennessee*, No. 3:12-CV-593, 2013 WL 3297124, *1 (Shirley, M.J.) (E.D. Tenn. June 28, 2013) (citing *Chrysler v. Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)). "In ruling upon a motion to stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.* (quoting *Osman v. Mission Essential Pers.,*

[3]While the Moving Defendants' Motion to Dismiss is not based entirely on immunity, a resolution of immunity questions would dispose of three of Plaintiff's six claims against these Moving Defendants. While the remaining three claims should be dismissed for failure to state a claim, should they proceed, the scope of discovery would be significantly reduced through disposal of the claims barred by the Eleventh Amendment.

*LLC*, No. 2:11- cv-577, 2012 WL 1831706, at *1 (S.D. Ohio 2012)). A stay of discovery is favored where a case can be resolved "based on legal determinations that could not be altered by any further discovery." *See Lubinski v. Hub Grp. Trucking, Inc.*, No. 2:14-CV-02843-JPM, 2015 WL 4603878, at *1 (W.D. Tenn. July 30, 2015) (quoting *Muzquiz v. W.A. Foot Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). It may also be appropriate if "it appears that the complaint will almost certainly be dismissed." *Sentell*, 2013 WL 3297124 at *1 (quoting *Shanks v. Honda of Amer. Mfg.*, No. 2:08-cv-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009)).

In the instant case, the burden imposed upon the Moving Defendants by discovery outweighs the hardship imposed upon Plaintiff by the denial of discovery. *See Sentell*, 2013 WL 3297124 at *1 (quoting *Osman*, 2012 WL 1831706, at *1). While one Defendant, the University of Tennessee Foundation, Inc., answered Plaintiff's Amended Complaint, [Doc. 12], the Moving Defendants should not be put to the expense of having to undergo conferences with Plaintiff and potentially respond to discovery requests while their motion to dismiss is pending. To the contrary, "Defendants' defenses, if true, may support dismissing the matter in whole [against them], and as a matter of law, their defenses should be addressed before discovery proceeds." *Id.* at *2 (granting a motion to stay on the ground that a motion to dismiss was pending); *see also Shanks*, 2009 WL 2132621 at *1 (noting that "the Court might be persuaded to order a stay of discovery if it appears that the complaint will almost certainly be dismissed"); *Hoops Enter., LLC v. Software & Info. Indus. Ass'n*, No. 1:11-CV-318, 2012 WL 12884468, at *2–3 (E.D. Tenn. Sept. 27, 2012) (Mattice, J.) (vacating scheduling order and staying discovery on similar grounds).

Moreover, this case can be resolved based on legal determinations that will not be altered by any further discovery. *See Lubinski*, 2015 WL 4603878 at *1; *see also Muzquiz*, 70 F.3d at 430. The Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim and claims

seeking monetary damages. This is established by law and will not be changed by any discovery obtained in this case. [*See* Doc. 15, pp. 6-7; 10-11; 14-15]. Discovery will not change these deficiencies and will cause unnecessary expense to the Moving Defendants regarding these issues.

For the foregoing reasons, the Moving Defendants respectfully request that this Court stay (or vacate) the deadline for their filing a Rule 26(f) report and that the Court stay all discovery deadlines pending resolution of their motions to dismiss.

Respectfully submitted,

/s/ Caitlyn L. Elam
Caitlyn L. Elam (BPR #031108)
The University of Tennessee
Office of General Counsel
505 Summer Place – UT Tower
Knoxville, TN 37902
(865) 974-3245
caitlyn.elam@tennessee.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Caitlyn L. Elam
Caitlyn L. Elam